**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC | § | |
| A Mississippi Limited Liability | § | |
| Corporation | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 08-CV-00062-MCW |
| | § | Judge Williams |
| THE UNITED STATES | § | |
| Defendant. | § | |

**RKR'S SURREPLY ON MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

TO THE HONORABLE JUDGE OF THE U.S. COURT OF FEDERAL CLAIMS:

Plaintiff RKR JOINT VENTURE, LLC ("RKR") files this its Surreply to Defendant's Surresponse (Dkt #15-2) regarding RKR's Motion for Leave to Supplement the Administrative Record (Dkt #11), and would briefly show as follows:

1. The government's position, distilled, is that regardless of how the solicitation anticipated configuration changes, those anticipated changes can be read out of the solicitation if they meet some arbitrary test of significance. ***See especially*** ¶4 & n.1, *infra*.

2. In the context of configuration changes anticipated to occur over the life of a nearly 11 year, $50 million dollar contract, Dkt #1 ¶ 9, where whole operations and locations would likely be moved or consolidated, it is not difficult to gin up a scenario where a significant portion of a solicitation's requirements would experience some *effect*, if one pretends that the *cause* of those effects is not itself one of the anticipated configuration changes. *See* Dkt #15-2 at 5 ("the implementation of AFNETOPs has caused a change in requirements"); *Id*. at 2 ("Although the Government does not necessarily agree that "configuration changes" refers to AFNETOPs in the solicitation…").

3. The test is not mere significance here, because the solicitation supplies its own test. It is not limited as represented in footnote 2 of the government's surreponse, Dkt #15-2. The substance of the solicitation's test, whether it can be discerned, and whether the Air Force's position as to the substance has changed, are the issues controlling RKR's motion to supplement.

4. The solicitation allows for configuration changes due to AFNETOPs, without regard to their significance. The government *now* believes in error[1] that regardless of whether the solicitation clearly or ambiguously accommodates AFNETOPs as an anticipated change, that can be read out by applying a significance test under a rational basis standard. That is not correct; the solicitation controls.[2]

5. Because the solicitation controls, the Air Force's avoidance of it, to include switches in position, is unlawful, and is, as argued previously by RKR, the unlawful foundation of the cancellation. If the government can cancel this solicitation, it must have some other rational basis.

6. The government's position that "all other alleged bad acts are moot," as a result of cancellation, Dkt #15-2 at 8, is not supported by the cases it cites and is contrary to 28 U.S.C. § 1491(b). Dkt #14 at 8-11. The additional *Lackland 21st Century Services* GAO

---

[1] The government's argument continues to evolve in the surresponse, and now appears to have gone beyond an argument that the solicitation is clear in favor of the Air Force because AFNETOPs was not an anticipated configuration change, which has been its argument up to this point. *See* Dkt #13 at 14 ("In any event, the AFNETOPs initiative being implemented now goes well beyond the NCC Reengineering initiative mentioned in the solicitation as part of the Air Force's future plans") and Dkt #15-2 at n.5 (same), *i.e.*, AFNETOPs was never anticipated as a configuration change by the solicitation, despite conduct by the Air Force that would indicate differently. *See* Dkt # 11 at 5-8; Dkt #14 at 6-7.

[2] Moreover, if the solicitation is ambiguous, there is obviously no basis to judge the scope of the changes it anticipates—exactly as the government would have it and exactly as it initially represented to GAO. AR 994 n.2.

protest cited by the government at Dkt #15-2 at 8-9 is off-point. Defendant's surresponse confuses separate *challenges* in other proceedings with *evidence* of unlawful acts. RKR is not seeking supplementation to "challenge a host of actions that were not the basis of the cancellation decision," *compare* Dkt #15-2 at 9 *with* Dkt #11 at 2 ("cancellation is obviously at the forefront now"). The supplementation is needed because the persons and documents in question provide *record evidence* of the Air Force's unlawful switch in positions if the solicitation is ambiguous and the Air Force changed its clarification or interpretation of it.

7. All the Air Force has done with its surresponse is try to divert the Court from the determination of whether the solicitation clearly anticipated AFNETOPs as part of the configuration changes or not; or whether the Air Force interpreted the solicitation as doing the former but then changed its view to the latter; or whether more information is needed from the Air Force to make that determination. The resolution of the foregoing is what is required to determine if the cancellation was reasonable or not and in accordance with statute, regulation, and case law. The fact the foregoing scenario exists due to the Air Force's self-inflicted changes of its theories of the case based upon its varying manipulation of the facts makes clarification through supplementation absolutely necessary—both for RKR to present its argument, and for the Court to fully exercise its jurisdiction over this case and assess the government's view of the solicitation, which the government has not shown is the correct view or the only view.

DATED March 4, 2008

Respectfully submitted,

________/s/____________________
David F. Barton, Attorney-in-Charge
State Bar No. 01853300
**THE GARDNER LAW FIRM**
745 E. Mulberry Avenue, Suite 100
San Antonio, Texas 78212-3149
Telephone: (210) 733-8191
Telecopier: (210) 733-5538
E-Mail: dfb@tglf.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded in compliance with the Federal Rules of Civil Procedure to all counsel of record as set out below, on this the 4th day of March, 2008, as follows:

Will Rayel
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW, Room 12100
Washington, DC 20530 (20005 for FedEx)
phone: (202) 616-0302
facsimile: (202) 307-0972

***VIA E-FILING***

_______/s/______________________
David F. Barton