IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-62C |
| | ) | (Judge Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant, the United States, respectfully responds to plaintiff's motion for leave to file a sur-reply to defendant's sur-reply to plaintiff's reply to defendant's opposition to plaintiff's motion for leave to supplement the administrative record. The sur-reply of plaintiff, RKR Joint Venture, LLC ("RKR"), adds nothing to the Court's resolution of RKR's motion for leave to supplement the administrative record. Rather, RKR's sur-reply creates more confusion regarding the issues in this case. Therefore, the Court should deny RKR's motion for leave to file a sur-reply.

The Government reiterates that there is no relevant "ambiguity" in the solicitation. It is undisputed and unambiguous that the offerors were specifically instructed to bid upon Section 7.1 of the Performance Requirements Document ("PRD"), which did not include a NOSC-centric environment. Def. Sur-Rep. 3-4[1]; Compl. 4. The requirements of the United States Air Force ("Air Force") changed by 63 percent from the requirements upon which RKR and other bidders were instructed to bid. E.g., AR 1017.

---

[1] "Def. Sur-Rep. __" refers to our sur-reply to plaintiff's reply to our opposition to plaintiff's motion for leave to supplement the administrative record, filed on March 3, 2008.

The Government concedes that it could make changes to the contract, "within the general scope of the contract," and that the solicitation contemplated the possibility of a shift towards a NOSC-centric environment, though the time period and extent of that shift was unknown. Def. Sur-Rep. 2-3. RKR has not argued anything to the contrary. While the parties may dispute whether a 63 percent change in requirements based upon AFNETOPs is "within the scope of the contract," it is irrelevant to the Court's determination of whether the Air Force has a rational basis for cancellation.

Regardless of whether the changes could have been made to the contract, it is inherently rational for the Air Force to want to include the most number of bidders and that those bidders should be able to bid upon the Government's actual requirements, especially in light of case law from this Court regarding when an agency must amend and resolicit based upon a change in requirements. See MVM, Inc. v. United States, 46 Fed. Cl. 126, 131-32 (2000) (holding, in post-award bid protest, that agency violated 48 C.F.R. § 15.206(a) by not amending the solicitation to reduce the number of district courts for which contractor would provide security from nine to eight, when it decided to eliminate a specific district court, even though the solicitation alerted bidders to the fact that the district court may be removed from the contract). Thus, whether the change in requirements is within the scope of the changes clause is not relevant to the determination of whether the Air Force had a rational basis for cancelling the solicitation.

Furthermore, even if the changes clause is relevant, in the three briefs it has filed or attempted to file, RKR has still not met its heavy burden of demonstrating that the specific supplementation it seeks is necessary to resolve the alleged ambiguity. RKR has failed to show that the Court is incapable of analyzing the text of the solicitation, and any relevant case law, to

determine whether a 63 percent change in requirement falls within the general scope of the contract.

Finally, with regard to RKR's argument for supplementation regarding prior alleged unlawful acts that bear no relation to the contracting officer's cancellation decision, RKR merely regurgitates its prior arguments. We maintain that, if the contracting officer's cancellation decision was rational, any previous alleged errors by the Air Force during this procurement are moot. E.g., Def. Sur-Rep. 6-9.

For the foregoing reasons, the Government requests that the Court deny plaintiff's motion to file a sur-reply.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Gary R. Allen
Air Force Legal Operations Agency,
Commercial Litigation Division
1501 Wilson Blvd., Suite 600
Rosslyn, VA 22209

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

March 5, 2008

Attorneys for Defendant