IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-62C |
| | ) | (Judge Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO THE INCLUSION OF THE DEPOSITION TRANSCRIPT OF GENERAL JOHN MALUDA AND DOCUMENTS APPENDED TO THE DEPOSITION OF RON MORTAG IN THE ADMINISTRATIVE RECORD**

In its May 13, 2008 order, the Court ordered RKR to file the deposition transcripts of Major General John W. Maluda and Mr. Mortag, as well as any documents appended to the deposition transcripts, by June 13, 2006. The Court also gave the Government the opportunity to make further objections regarding the supplementation of the administrative record by June 13, 2006.[1] Pursuant to the Court's May 13, 2008 order, the United States respectfully files objections to the inclusion in the administrative record of the deposition transcript of General Maluda and exhibits appended to the deposition transcript of Mortag.[2]

---

[1] Due to a power outage, the Court, as well as defendant counsel's office, was officially closed on Friday, June 13, 2008. Therefore, this filing is timely.

[2] We note that we also objected to certain questions at the depositions of both General Maluda and Mr. Mortag based upon vagueness, mischaracterization of evidence, misleading, compound and other standard evidentiary objections. The Government hereby preserves those objections as stated in the deposition transcripts. If necessary, the Government will elaborate upon specific objections if particular statements are relied upon by plaintiff, RKR Joint Venture, LLC ("RKR").

ARGUMENT

I. The Court Should Not Allow RKR To Supplement The Administrative Record With Documents Appended To The Deposition Transcript Of Mr. Mortag

At Mr. Mortag's deposition, RKR marked seven exhibits for identification, which are appended to Mr. Mortag's deposition transcript. None of these seven documents are a part of the administrative record, nor covered by the Court's March 19, 2008 oral order allowing for supplementation of the administrative record. Therefore, these documents should be excluded from the administrative record.

A. Exhibits 1-6

Exhibits 1-6 are printouts from the Government's "Share A-76!" website. See Exh. 1.[3] The website is "a place for stakeholders throughout the federal community to share knowledge and lessons learned about the A-76 process." Id. RKR's counsel attempted to justify the inclusion of these exhibits in the administrative record by arguing that the Court agreed to consider all public documents at the March 19, 2008 telephonic argument. Mortag Depo. 34:8-16.[4] RKR's counsel is incorrect.

During the March 19th argument, the Court stated that it would not consider RKR's motion to supplement the administrative record with the A-76 Circular or Air Force Instructions because those documents are "legal authorities," to which the Court would afford "appropriate

[3] "Exh. _" refers to the number of the exhibit attached to the transcript of the May 8, 2008 deposition of Ron Mortag.

[4] "Mortag Depo. __:__" refers to the page and line number of the transcript of the May 8, 2008 deposition of Ron Mortag.

weight." Hearing Tr. 46:16-24.[5] At no time did the Court state that it would consider all public documents. The Share A-76! website cannot be construed as a "legal authority." Rather, it is a place where contracting officers and others involved in the A-76 process can share "knowledge and lessons learned about the A-76 process." Exh. 1. It is not official guidance from the Air Force or the Office of Personnel Management, like Air Force Instructions or the A-76 circular, respectively. Rather, it is simply a tool to allow Government participants in the A-76 process to share knowledge. Id. Furthermore, there is no evidence that the contracting officer relied upon this website in his cancellation decision. Mortag Depo 33:8-41:25. Therefore, the Court should exclude Exhibits 1-6 of Mr. Mortag's deposition from the administrative and record, if the Court allows the deposition transcript, strike the questions and answers from Mr. Mortag's deposition transcript that rely upon Exhibits 1-6, i.e., Mortag Depo. 33:8-41:25.

B. Exhibit 7

Exhibit 7 is a draft Concept of Operations ("CONOPS") for Air Education and Training Command's ("AETC") Reengineering and Consolidation of Network and Telephone Operations, dated November 20, 2006. At Mr. Mortag's deposition, RKR's counsel did not attempt to justify the use of Exhibit 7. See id. 91:8-94:1. The document does not fit within any of the categories of documents that Court allowed in its March 19, 2006 order, i.e.: 1) documents relied upon by General Maluda in making his administrative appeal decision; 2) documents relied upon by Major General William T. Lord in drafting his August 2, 2007 memorandum; or 3) questions and answers related to the solicitation. Hearing Tr. 97:16-98:1. The document was not relied upon

[5] "Hearing Tr. __:__" refers to the page number of the transcript of the March 19, 2008 telephonic argument regarding RKR's motion for leave to supplement the administrative record.

by the contracting officer in making his cancellation decision. Furthermore, the document was specifically replaced by the Functional CONOPS for AETC Enterprise Transformation, before the contracting officer made his cancellation decision. AR 1410. Therefore, the Court should exclude Exhibit 7 of Mr. Mortag's deposition from the administrative record and strike the questions and answers from Mr. Mortag's deposition transcript that rely upon Exhibit 7, i.e., Mortag Depo. 91:8-94:1, 120:8-121:12.

II. The Court Should Not Allow RKR To Supplement The Administrative Record With The Deposition Transcript Of General Maluda Because General Maluda Had No Role In The Contracting Officer's Cancellation Decision

The Court should not allow RKR to supplement the administrative record with the deposition transcript of General Maluda because, as he confirmed in his deposition, he had absolutely nothing to do with the cancellation decision. Maluda Depo 111:7-11, 111:16-22.[6] Rather, General Maluda confirmed that his sole role with regard to the solicitation at issue was to decide RKR's administrative appeal. Id. at 103:10. Furthermore, General Maluda was, in fact, precluded from reviewing whether the solicitation should be cancelled by Air Force Instruction 38-203, paragraph 18.4.9. AR 1691 ("The [administrative appeal process] Authority shall not review any item not formally challenged by an eligible appellant."). Therefore, because General Maluda's sole role with regard to the solicitation was to determine whether or not RKR's administrative appeal had merit, General Maluda's testimony is necessarily irrelevant to the issue of whether the contracting officer had a rational basis for his cancellation decision. Thus, the Court should not allow RKR to supplement the administrative record with General Maluda's

---

[6] "Maluda Depo __:__" refers to the page and line number of the transcript of the May 2, 2008 deposition of Major General John W. Maluda.

testimony for purposes of deciding whether the contracting officer's cancellation decision was rational.

## CONCLUSION

For the foregoing reasons, the Court should not allow RKR to supplement the administrative record with the deposition transcript of General Maluda or the exhibits appended to the deposition transcript of Mr. Mortag.[7]

[7] The Government has also been informed that RKR filed a joint declaration of three officers of RKR (with attachments), as well as two other declarations of officers of RKR. The Government objects to RKR's attempts to supplement the administrative record with these documents (without so moving) and respectfully requests that the Court strike these documents. RKR's self-serving views on the issues of this protest belong in its briefs, if anywhere, not in declarations in the administrative record. To the extent the Court is willing to consider whether to supplement the record with these documents, the Government respectfully requests the opportunity to formally oppose the supplementation of the administrative record with these documents by June 24, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Gary R. Allen
Air Force Legal Operations Agency,
Commercial Litigation Division
1501 Wilson Blvd., Suite 600
Rosslyn, VA 22209

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

June 16, 2008

Attorneys for Defendant