IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-62C |
| | ) | (Judge Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE PLAINTIFF'S DECLARATIONS**

In its May 13, 2008 order, the Court ordered plaintiff, RKR Joint Venture, LLC ("RKR"), to file the deposition transcripts of Major General John W. Maluda and Ron Mortag, as well as any documents appended to those deposition transcripts, by June 13, 2006. RKR apparently took this order as license to attempt to supplement the administrative record with three additional declarations of officers of RKR, along with attachments to two of those declarations.[1] The three declarations filed by RKR essentially consist of the following: 1) a joint declaration by Dale Patenaude, Ken Lee and Charles Wilson, primarily explaining RKR's view of the meaning of the solicitation and their anticipation of the changes based upon AFNETOPs ("Joint Declaration"); 2) a declaration by Ken Lee explaining his rationale in determining the percentage of profits his company, KMAR Industries, Inc., would take in the RKR Joint Venture ("Lee Declaration"); and

[1] The Court did orally order the parties to "file anything [they] want to supplement the administrative record completely by June 13, 2008." Tr. 27:9-12 ("Tr. __:__" refers to the transcript of the May 13, 2008 status conference in this case. The relevant pages are attached as Attachment 1). In context, however, this order clearly refers to the documents that were inadvertently left out of the administrative record, and the deposition transcripts and attachments, not documents created by RKR after the status conference. Tr. 26:1-27:12; see also id. at 28:12-16 ("the whole idea was to supplement the administrative record along the lines the Court authorized, and the real issue then is whether or not those documents fit within the Court's authorization to supplement with the testimony.").

3) a declaration by Dale Patenaude, alleging that the roster from a July 2007 site visit for the Sheppard Air Force Base COMM/IT solicitation was not a sufficient basis to cancel the solicitation ("Patenaude Declaration"). The Court has not previously ordered the supplementation of the administrative record with these documents and RKR has not properly moved to supplement that administrative record with these documents. On this basis alone, the Court should strike these documents.

Also, the declarations, all signed in June 2008, were produced over five months after the contracting officer made his decision to cancel the solicitation. Thus, the declarations could not possibly have been considered by the contracting officer in making his cancellation decision. Additionally, much of RKR's declarations seek to prove that a reasonable bidder would have anticipated the change in the Air Force's requirements. This, however, is not the relevant inquiry in this case. Finally, further supplementation of the administrative record cannot possibly be necessary because RKR stated, before filing the declarations, that it did not require any further supplementation of the record. Tr. 9:18-21. Therefore, we respectfully request that the Court strike the three declarations of RKR's officers, and their attachments, from the administrative record.

## ARGUMENT

### I. The Court Should Strike The Declarations And Their Attachments Because The Declarations Were Created After The Contracting Officer's Cancellation Decision And Contain Information Not Before The Contracting Officer When He Made His Decision

This Court's review of bid protests is limited to the administrative record already in existence, "not some new record made initially by the reviewing court." Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)).

Accordingly, this Court confines its review to the administrative record, i.e., the record that was before the decision maker at the time of the decision. Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1057 (Fed. Cir. 2000) (citations omitted); Aero Corp., 38 Fed. Cl. at 410. The administrative record should not include materials created or obtained subsequent to the time the agency decided to take the challenged action, since such materials could not have been considered by the agency in making its decision. Great Lakes Dredge & Dock Co. v. United States, 60 Fed. Cl. 350, 359 (2004) (citation omitted).

Only when the Court cannot conduct meaningful judicial review from the administrative record is supplementation of the record appropriate. See Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1338 (Fed. Cir. 2001) (citation omitted); Murakami v. United States, 46 Fed. Cl. 731, 735 (2000) ("[E]xceptions to the general rule against extra-record evidence are based upon necessity, rather than convenience, and should be triggered only where the omission of extra-record evidence precludes effective judicial review.") (emphasis added).

The declarations were obviously not before the contracting officer at the time he made his cancellation decision since they were signed in June 2008. Furthermore the contracting officer did not consider any of the attachments to the declarations, or they would already be in the administrative record. In fact, two of the attachments to the Joint Declaration (Attachments 2 and 5) appear to have been created specifically for this litigation. Other documents, such as the CCR results and SBA profiles attached to the Patenaude declaration, appear to have been printed off the Internet on June 12, 2008. Therefore, it is unclear whether the documents would have been the same in January 2008, even if the contracting officer had consulted them, which he did not. Thus, because none of the declarations, nor their attachments, were relied upon by the

contracting officer when he made his cancellation decision in January 2008, the Court should strike them.

II. The Court Should Strike The Joint Declaration And Its Attachments And The Lee Declaration Because They Primarily Seek To Prove That Reasonable Bidders Would Have Anticipated That The Government's Requirements Would Change, Which Is Not The Standard Of Review In This Case

Both the Joint Declaration and the Lee Declaration primarily seek to prove that RKR reasonably anticipated that the requirements for the solicitation would be reduced dramatically based upon a NOSC-centric initiative. E.g., Joint Decl. p. 2; Lee Decl. p. 2. This, however, is not the standard of review for this case. While 48 C.F.R. § 15.206(e) requires a contracting officer to cancel a solicitation, rather than amend, if changes to the requirements are "so substantial as to exceed what prospective offerors reasonably could have anticipated, so that additional sources likely would have submitted offers had the substance of the amendment been known to them," this requirement in no way curtails that contracting officer's broad discretion to cancel a solicitation. See Cygnus Corp. v. United States, 72 Fed. Cl. 380, 384 (2006) (quoting TRW, Inc. v. Unisys Corp., 98 F.3d 1325, 1327 (Fed. Cir. 1996)) (a cancellation decision should not be disturbed unless it is "wholly without reason"); accord Aviation Enterprises, Inc. v. United States, 8 Cl. Ct. 1, 19 (1985) (degree of proof required relates to the "latitude given to procurement officials to cancel solicitations"). Therefore, even if RKR can prove that the contracting officer was incorrect in finding that he was required to cancel the solicitation, that does not mean that his decision to cancel was irrational.

Additionally, the issue in this case is not whether a contract resulting from this solicitation could be modified to accommodate the changes to the Air Force's requirements, but rather the issue is whether it was rational for the agency to cancel the solicitation when its

requirements changed. See Am. Gen. Leasing, Inc. v. United States, 218 Ct. Cl. 367, 587 F.2d 54, 59 (1978) ("the Government alleges a reasonable basis for cancelling the solicitation, i.e. a revision in specifications . . ."); cf. Aviation Enterprises, Inc. v. United States, 8 Cl. Ct. 1, 19 (1985) (holding a "cancellation based on overstated specifications to be reasonable.") (citation omitted) (emphasis added). There is no dispute that the requirements of the final solicitation, i.e., what offerors were supposed to base their bids upon, did not include staffing based upon a NOSC-centric environment. There is also no dispute that the final solicitation referenced a move towards a NOSC-centric environment, AR 168, but only as an uncertain "long-range goal" whose implementation had been halted. Id. at 1154. Even if bidders reasonably anticipated the changes to the Air Force's requirements, that does not change the fact that the requirements changed and that a change in requirements is a rational basis for cancellation.

Furthermore, much of the Joint Declaration is simply RKR's position regarding how the Court should interpret the solicitation and other record evidence. Such argument belongs in RKR's briefs, if anywhere, not in the administrative record itself. Therefore, the Court should strike the Joint Declaration, and its attachments, and the Lee Declaration.

## III. The Court Should Strike The Declarations And Their Attachments Because RKR Has Conceded That These Documents Are Not Necessary To Decide This Case

As noted above, "exceptions to the general rule against extra-record evidence are based upon necessity, rather than convenience, and should be triggered only where the omission of extra-record evidence precludes effective judicial review." Murakami, 46 Fed. Cl. at 735 (emphasis added). Here, RKR conceded at the May 13, 2008 telephonic status conference that it did not need to supplement the record further in order to prevail in this case and that it believed that the record (as supplemented by the two depositions earlier ordered by this Court) provides

sufficient evidence to prove that the contracting officer's cancellation decision was irrational. Tr. 9:18-21 ("THE COURT: All right. But from your perspective, we have an adequate record on which to go forward with the litigation? MR. BARTON: Yes, ma'am."). While the Government obviously disagrees with RKR's view that the record in this case supports a legally cognizable claim by RKR, that does not change the fact that RKR has conceded that further supplementation of the administrative record is not necessary. Therefore, the Court should strike the declarations and attachments submitted by RKR.

IV. The Court Should Strike The Declarations And Their Attachments Because RKR Has Not Properly Moved To Supplement The Administrative Record

Finally, perhaps the most disturbing aspect of RKR's filings is that RKR did not even move to supplement the administrative record with its declarations, but rather, simply filed them with the apparent expectation that the Court would consider them as a matter of course in deciding this case. Such disregard for both the rules of this Court and the Court's standard of review should not be tolerated. As noted above, "exceptions to the general rule against extra-record evidence are based upon necessity, rather than convenience, and should be triggered only where the omission of extra-record evidence precludes effective judicial review." Murakami, 46 Fed. Cl. at 735 (emphasis added).

Accordingly, the Court's Rules Committee specified that any party that wants the filed and certified administrative record to be supplemented must move to supplement the administrative record, and provide legal support for its motion. RCFC 52.1, Rules Committee Note ("any motion for correction or supplementation of the administrative record should be made on the basis of either the specific law to be applied in the particular case or generally applicable principles of administrative law."); see also RCFC 7(b)(1) ("application to the court

for an order shall be by motion"). Therefore, even if inclusion of the declarations in the administrative record were otherwise proper, which it is not, RKR has failed to follow the necessary procedural requirements for filing a motion to supplement the administrative record. Therefore, the Court should strike the declarations and their attachments from the administrative record.

CONCLUSION

For the for foregoing reasons, the Government respectfully requests that the Court grant its motion to strike the three declarations submitted by RKR on June 12 and 13, as well as the attachments to those declarations.[2]

[2] The Government reserves the right to object to any information from these declarations that RKR attempts to use in its arguments as violating the Federal Rules of Evidence. For example, the Patenaude Declaration is replete with hearsay. See, e.g., Patenaude Decl. p. 2 (description of Sheppard solicitation); id. p. 3 ("I verified this by calling their CCR point of contact, Webster Sewell. He stated that its experience is in WEB training development not in comm. . . I talked to the CCR point of contact, Jill Workman, who verified it does not have COMM/IT experience.").

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

Attorneys for Defendant

OF COUNSEL:
Gary R. Allen
Air Force Legal Operations Agency,
Commercial Litigation Division
1501 Wilson Blvd., Suite 600
Rosslyn, VA 22209

June 24, 2008