# ATTACHMENT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RKR JOINT VENTURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 08-62C |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Tuesday,
May 13, 2008

<u>Live Tape</u>

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on June 23, 2008.)

APPEARANCES: (Via Telephone)

<u>For the Plaintiff</u>:

DAVID F. BARTON, Esquire

<u>For the Defendant</u>:

WILLIAM P. RAYEL, Esquire
U.S. Department of Justice
1100 L Street, N.W., Room 12100
Washington, D.C. 20005
(202) 616-0302

<u>For the Agency</u>:

GARY ALLEN, Esquire

certainly be argued out in the briefing if it goes forward.

THE COURT: Now did the CO from both of your perspectives articulate the rationale for the decision to cancel?

MR. RAYEL: Your Honor, we believe the rationale was articulated in his determination and findings of January 7 I believe it was, so we weren't looking for anything further.

THE COURT: Mr. Barton?

MR. BARTON: Really no comment. Every question that went to that Mr. Mortag couldn't remember. Clauses in the solicitation that would have any impact, he essentially just didn't remember anything about all of that except for the fact that he did discuss a cancellation and that he really liked General Lord's letter, and that was about it.

THE COURT: All right. But from your perspective, we have an adequate record on which to go forward with the litigation?

MR. BARTON: Yes, ma'am.

MR. RAYEL: Yes, Your Honor.

THE COURT: Both of you. And did the government do any discovery? I know I authorized it.

MR. RAYEL: I think we had about five or six

THE COURT: All right. And were there any other documents that were produced in this discovery that need to be added to the record?

MR. BARTON: The ones that will be appended to the depositions themselves. I think there were either seven or eight in the Mortag one and just two, three or four in the Maluda. Oh, plus, there are a couple of documents that we've discussed with Mr. Rayel that at least one of them was an attachment to another document that didn't make it in there, the Administrative Appeal Authority's decision. And what was the other one? Did you recall?

MALE VOICE: A newspaper article.

MR. BARTON: The what? Oh, a newspaper article espousing the background and experience of General Maluda from Keesler Air Force Base, and it was also an attachment previously also that did not get included in the administrative record as an attachment to another document.

MR. RAYEL: Your Honor, I'll clarify that. Apparently Mr. Barton said that I guess there were attachments to one of the GAO filings, and we inadvertently did not include the attachments when we filed the record. There were nine attachments I think to this filing. He said seven are already in the

record elsewhere, but the two that he just mentioned were not, so since we attempted to file the entire GAO record, we don't object.

Even though we don't deem the documents relevant, we don't object to them being added to the record since we had intended to file the entire GAO record. Apparently it was an oversight that those attachments did not get filed.

THE COURT: All right. Well, the Court is ordering both of you to file anything you want to supplement the administrative record completely by June 13, 2008.

MR. RAYEL: Thank you, Judge.

THE COURT: All right. Anything further?

MR. RAYEL: Just one question I guess. There were documents attached to the, I believe it was Mortag. I forget what exactly was attached to Maluda's deposition. I don't recall problems with it though, but the ones that were attached to Mr. Mortag's deposition were not a part of the administrative record, and the government objected at the deposition to those being included in the administrative record and to questioning based upon those documents.

I didn't know how you wanted to handle that.

Do you just want those filed with the deposition and you can make the determination of whether they should be properly considered?

THE COURT: Yes.

MR. RAYEL: Okay.

THE COURT: The government needs to -- are the objections fleshed out sufficiently in the transcript? The grounds used to --

MR. RAYEL: Our objection was that they were not a part of the administrative record and thus not a proper basis of questioning at the deposition.

THE COURT: Right. And the whole idea was to supplement the administrative record along the lines the Court authorized, and the real issue then is whether or not those documents fit within the Court's authorization to supplement with the testimony. So I'll see them. I'll take it under advisement, but if you feel as though your grounds for your objection were adequately articulated on the record, fine. If on the other hand you feel like you need to elaborate why they shouldn't be part of the record, you may.

MR. RAYEL: Okay.

THE COURT: And you must do that by the 13th then as well of June. The Court will rule promptly on that.