**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC<br>A Mississippi Limited Liability<br>Corporation<br>Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| VS. | §<br>§ | NO. 08-CV-00062-MCW<br>Judge Williams |
| THE UNITED STATES<br>Defendant. | §<br>§ | |

**RKR'S SECOND MOTION FOR LEAVE TO SUPPLEMENT ADMINISTRATIVE RECORD**

TO THE HONORABLE JUDGE OF THE U.S. COURT OF FEDERAL CLAIMS:

Plaintiff RKR JOINT VENTURE, LLC ("RKR") files this its Second Motion for Leave to Supplement the Administrative Record, and would show as follows:

I. INTRODUCTION

RKR moves for leave to supplement the administrative record with the First and Second Declarations of Dale Patenaude (including their attachments/exhibits). The declarations are attached to this motion as **Exhibits 1 and 2**.

*A. First Declaration of Dale Patenaude*

Each declaration has a separate purpose. The First Declaration provides facts and context concerning the statements made by the government to RKR over the course of the procurement. First Decl. at ¶ 4. The First Declaration provides further context for the government's statements and representations regarding configuration changes to the network over the life of the contract. *E.g., id*. at ¶ 5-13. In addition, the First Declaration makes the connection between estimated effects of future configuration changes on the base-level communication and IT workload at the time of solicitation issuance and at the time of cancellation, and shows (a) there is little to no difference between those two

estimates, supporting the argument that the offerors and the government intended to phase in the changes over the life of the contract, consistent with RKR's reading of the solicitation; and (b) the amount of change is insignificant once the estimates are put in their proper context in the communications and IT workload, rather than the contract as a whole. *Id*. at ¶ 14-29.

*B. Second Declaration of Dale Patenaude*

The Second Declaration is necessary to enable the Court to have a full record to make a decision on a specific ground for cancellation alleged by the contracting officer—the allegation that cancellation will result in more bidders, as allegedly occurred after a similar solicitation was cancelled at Sheppard Air Force Base. Mr. Patenaude was present at both the Sheppard AFB and Keesler AFB site visits for the solicitations referenced by the contracting officer in his D&F. Second Decl. at ¶ 6-7. Mr. Patenaude has personal knowledge that the allegation the contracting officer is making regarding the alleged availability of more bidders at Sheppard after cancellation is completely false, based on the list of firms who were recorded as attending the Sheppard site visit alongside him. *Id*. at ¶ 1, 21-29. Mr. Patenaude concludes that if an analogy is to be drawn between what happened at Sheppard and what might happen at Keesler, then it does not support the contracting officer's assertion of more bidders. *Id*. at ¶ 20. The second declaration is the only means of placing this information before the Court (to the extent the Court does not summarily reject the contracting officer's assertion in its entirety because it is conclusory and unsupported by record evidence).

## II. SUPPLEMENTATION OF THE RECORD IS PROPER

### *A. First Declaration of Dale Patenaude*

Because bid protest actions are subject to the APA standard of review, the Court is generally limited to the administrative record, unless there is a genuine need to supplement that record arising from the particular circumstances. *Gentex Corp. v. United States*, 58 Fed. Cl. 634, 648 (2003); *Hunt Building Co. v. United States*, 61 Fed.Cl. 243, 272 (2004). The Court has recognized such need for supplementation in cases where prejudice is at issue. As this Court stated in *Gentex*, 58 Fed. Cl. at 649, and reiterated in *Hunt Building*, 61 Fed. Cl. at 272:

> [I]n attempting to demonstrate prejudice, [the declarant] explains how [the protestor] would have changed its proposal were it not for the Air Force's illegal actions. Such an attempt to show prejudice is also an appropriate basis for supplementing the record. *See Strategic Analysis, Inc. v. United States Department of the Navy*, 939 F.Supp.18, 23 n.7 (D.D.C, 1996) (acknowledging that, while normally judicial review of a bid protest is limited to the administrative record, the submission of an affidavit of a company executive is a proper way to demonstrate prejudice) (citing *Data General Corp. v. Johnson*, 78 F.3d 1556, 1563 (Fed. Cir. 1996)).

The first declaration assists the court in understanding how offerors, specifically RKR, structured their proposals in response to the government's pre-submission representations and interpretations of the solicitation, confirming that only date in time requirements were to be included in the proposals.

The first declaration also shows prejudice, and/or more specifically, in the current posture of the case,[1] RKR's entitlement to equitable relief, by describing how RKR's assumptions in formulating its proposal based on the government's original interpretation of the solicitation were undercut when the government unlawfully switched its

[1] *See* RKR Motion for Partial Judgment, Dkt #41 at n.8 (noting RKR satisfies prejudice standard but that prejudice analysis is premature until solicitation is restored).

interpretation 180 degrees. Moreover, the declaration presents facts from the firsthand experience of Mr. Patenaude on similar, contemporaneous Air Force communications and IT contracts that show that the government's allegedly significant changes due to AFNETOPS here are confined to the same workload that was going to be altered by ongoing configuration changes to the network regardless (read: the NOSC-centric initiative), and that such "change," if any, is not in fact significant and not a proper basis for cancellation. First Decl. at ¶ 18-25. Those factors are highly relevant to the merits and to the Court's balance of harm analysis in deciding what equitable relief should be granted.

In *Hunt Building*, this Court granted leave to supplement the record with six declarations that showed prejudice when the Air Force represented to Hunt that certain contract term did not need to be modified and would not be modified based on the language of the solicitation, then made the same modifications for the opposing offeror, implicitly reversing its earlier interpretation of the solicitation. 61 Fed. Cl. at 246, 271-273. Those facts line up almost exactly with the discrepancy between the Air Force's positions here. The Air Force gave a pre-closing response to RKR's question, A1154, indicating that the NOSC-centric initiative was not to be bid, implicitly stating that it was to be phased in over the life of the contract. Then, without identifying any relevant difference in effect between the NOSC-centric initiative and the AFNETOPS program it was folded into, A1352, A0996 n.3, the Air Force now states that it needs to cancel so that it can one day, after AFNETOPS is complete, issue a solicitation with the as-yet-undefined AFNETOPS as the requirements. A1016 ¶3, A2343, A2347-2350, Depo. of Maj. Gen. John W. Maluda at 131:16-22 and 132-133.

Supplementation of the record with the first declaration is therefore proper under Hunt Building. The first declaration also “illuminates complex issues and assists the Court in understanding the parties' positions,” *Gentex*, 58 Fed. Cl. at 649, and is proper on that basis as well.

*B. Second Declaration of Dale Patenaude*

Where there are additional materials that will assist the court in conducting a “thorough, probing, in-depth” review of the agency action, supplementation of the administrative record with those materials should be permitted. *Savantage Financial Services v. United States*, 81 Fed. Cl. 300, 311 (2008) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971)).

In *Savantage*, the Court permitted supplementation with declarations and attachments[2] stating “[It is] precisely because [the agency] never examined these materials when making its decision that it becomes necessary to supplement the administrative record now—to evaluate whether [the agency] should have considered these materials.” *Savantage*, 81 Fed. Cl. at 311.

Here, the contracting officer admits he never vetted the firms that signed the attendee lists at the Sheppard site visit. Depo. of Ron Mortag at 16. So if his statement that there were lots of eligible small business communication and IT offerors at the Sheppard meeting is wrong, he has no basis for his analogy that cancellation will result in more offerors on a new solicitation at Keesler. *Cf.* A1019 ¶10. There is no evidence in the record to support that his conclusory statement is right, but RKR thought it important to also present the evidence that he is wrong, through the Second Declaration of Mr.

[2] The attachments to the Second Declaration from government websites are self-authenticating.

Patenaude, which is properly part of the administrative record for the reasons given in *Savantage* and similar cases.

III. CONCLUSION, PRAYER, AND REQUEST FOR RELIEF

RKR respectfully requests leave to supplement the Administrative Record with the foregoing declarations.

DATED July 3, 2008.

Respectfully submitted,

_________/s/______________________

David F. Barton, Attorney-in-Charge
State Bar No. 01853300
**THE GARDNER LAW FIRM**
745 E. Mulberry Avenue, Suite 100
San Antonio, Texas 78212-3149
Telephone: (210) 733-8191
Telecopier: (210) 733-5538
E-Mail: dfb@tglf.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded in compliance with the Federal Rules of Civil Procedure to all counsel of record as set out below, on this the 3d day of July, 2008, as follows:

Will Rayel
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW, Room 12100
Washington, DC 20530 (20005 for FedEx)
phone: (202) 616-0302
facsimile: (202) 307-0972

***VIA E-FILING***

________/s/_________________________

David F. Barton