G A O
Accountability • Integrity • Reliability
Comptroller General
of the United States
United States Government Accountability Office
Washington, DC 20548

# Decision

**Matter of:** RKR Joint Venture, LLC

**File:** B-299856

**Date:** August 29, 2007

---

**DECISION**

RKR Joint Venture, LLC protests the Department of the Air Force's decision, pursuant to Office of Management and Budget Circular A-76, to perform specified base operating services (BOS) at Keesler Air Force Base (AFB), Mississippi, in-house using the government's most efficient organization (MEO), rather than award a contract for those services to RKR under request for proposals (RFP) No. F41689-02-R-0049.

We dismiss the protest based on the agency's decision to cancel the procurement.

The Air Force first issued a draft solicitation for this procurement in February 2003, seeking proposals to provide communication and information technology services, multimedia services, and publishing management at Keesler AFB;[1] thereafter, various amendments to the solicitation were issued. In June 2004, RKR submitted a proposal responding to the solicitation; thereafter, RKR's proposal was selected as the private-sector proposal offering the best value to the government for purposes of conducting a cost comparison with the MEO. In September 2005, RKR was notified that further actions under this A-76 cost study had been postponed due to the effects of hurricane Katrina. The cost comparison was not completed until January 2007, at which point the MEO was selected to perform the solicited activities. RKR received a debriefing in February 2007, and filed an administrative appeal with the Air Force's administrative appeal authority in March 2007. RKR's administrative appeal was denied in May. On May 27, RKR filed this protest with our Office.

---

[1] The solicitation at issue here is generally referred to as the "Little BOS" solicitation. The Air Force also issued a solicitation, generally referred to as the "Big BOS" solicitation, which contemplated performance of the other base operating services required to support Keesler AFB. RKR did not compete for the "Big BOS" solicitation.

By letter to this Office dated July 2, 2007, the Air Force stated: "This serves as notice that the Air Force intends to cancel the solicitation that was the subject of the [RKR] protest, has determined not to implement the MEO, and intends to resolicit for the requirement in the future." Upon receipt of this notification, we requested that the Air Force provide a more detailed explanation regarding the basis for its pending actions. By letter to this Office dated July 9, the Air Force reiterated its position, stating that "the Air Force has determined that cancellation of the solicitation, as opposed to amendment, is the proper course to take for a number of reasons," providing five bases for its pending cancellation of the solicitation.[2]

On July 30, GAO requested that the Air Force provide additional information regarding the agency's stated reasons for cancellation, specifically requesting information regarding the staffing requirements for the network operations work center, the procedures the agency used to conduct the cost comparison, the impact of hurricane Katrina, and the effect of expiration of the 30-month period for conducting the cost study. GAO Request for Additional Information (July 30, 2007).

On August 2, 2007, the Air Force responded to our request, explaining generally that the solicitation no longer reflected the agency's needs due to the Air Force's pending centralization of a significant portion of the information technology services contemplated by the solicitation. Specifically, the Air Force submitted a statement from Major General William T. Lord, the Air Force's Director, Cyberspace Transformation and Strategy Office of Warfighting Integration and Chief Information Officer, which stated:

---

[2] In summary, the five reasons were: 1) "There is an ambiguity in the solicitation's language concerning the requirements of staffing the Network Operations . . . work center, which comprises a significant portion of the work." 2) "The intervening catastrophe of Hurricane Katrina has caused significant delay while the Air Force decided whether and how to rebuild and reconstitute Keesler AFB." 3) "Section 8019 of the Defense Appropriations Act for Fiscal Year 2007 . . . prohibits the use of defense appropriations to conduct a cost study under OMB Circular A-76 in excess of 30 months after initiation of such study. . . . The 30-month period for this study expired in August 2005." 4) "This study was conducted under the A-76 rules that pre-date the May 2003 revision to OMB Circular A-76. The COMPARE software and the cost comparison forms used today no longer accommodate the pre-2003 rules." 5) "Section 2461 of Title 10, United States Code, as amended . . . adds a new mandatory source selection criterion that was not used in this solicitation: an examination of the impact the private sector offeror's proposed approach will have on military missions associated with the functions being studies." Air Force Letter to GAO (July 2, 2007) at 1-2.

> The Air Force has embarked on a major transformational initiative to completely overhaul and change the delivery of network services . . . to [a] centralized or enterprise-centric concept of operations (AFNetOps CONOPS). The initiative is entitled AFNetOps Transformation and impacts the following Air Force components: doctrine, organization, training, materiel solutions (i.e., technology), logistics, personnel, and facilities within the communications and information mission area. . . .
>
> The AFNetOps implementation plan will address the migration of core enterprise services which include, but are not limited to messaging, web, storage, and help desk from the base communications squadrons to regional area processing centers. For Keesler AFB, the functions mentioned above will no longer be performed at the base, and it is anticipated that AFNetOps has changed 57 percent of the requirement as set forth in the current Little BOS Solicitation. The current Little BOS Solicitation requirements no longer accurately reflect the Air Force needs, and any contract resulting from award under this solicitation will fail to meet the Air Force's requirements.

Statement of Major General Lord ¶¶ 1, 2.

Where an agency determines that a solicitation does not accurately reflect its needs, cancellation is appropriate. Satellite Servs., Inc., B-288848.3, Apr. 28, 2003, 2003 CPD ¶ 88; Digicon Corp., B-256620, July 7, 1994, 94-2 CPD ¶ 12 at 2. In a negotiated procurement, an agency has broad authority to decide whether to cancel a solicitation; there need be only a reasonable basis for the cancellation. This broad grant of authority extends to the cancellation of solicitations used to conduct A-76 cost comparisons. Satellite Servs. Inc., supra; Lackland 21st Century Servs. Consol., B-285938.7, B-285938.8, Dec. 4, 2001, 2002 CPD ¶ 197 at 5. So long as a reasonable basis exists to exercise this authority, an agency may cancel a solicitation regardless of when the information precipitating the cancellation first surfaces. Id.

Here, as noted above, the Air Force has clearly stated that the solicitation requirements "no longer accurately reflect the Air Force needs," and that a contract awarded pursuant to this solicitation "will fail to meet the Air Force requirements." Our review of this matter leads us to conclude that the record reasonably supports the agency's decision to cancel the solicitation. Specifically, the record shows that, for a significant period of time, the agency has been moving towards centralized performance of many of the activities contemplated under the solicitation; that centralization will have a significant impact on staffing requirements; and that, due to the passage of time, the agency now anticipates accomplishing its planned centralization in the near future.

In this regard, RKR's submissions expressly acknowledge that the Air Force's centralization initiative, referred to in the solicitation as a "NOSC [network operations security center]-centric" initiative, has been underway since "at least July

2003".[3] See Letter from RKR to GAO (Aug. 13, 2007) at 13. Further, it is clear that the centralization initiative will likely have a significant impact on the staffing requirements for performing the various services sought by this solicitation.[4] Finally, the record indicates that, although the solicitation requirements, written in 2003, contemplated that proposals be staffed to the higher levels required by a decentralized performance approach, due to the passage of time the Air Force requirements have changed. Specifically, the Air Force explains: "the AFNetOps transformation has matured to a point where definite changes have been decided upon, making the requirements set forth in the solicitation obsolete – i.e., an incorrect statement of the Air Force's needs." Air Force Letter to GAO (Aug. 2, 2007) at 3. Based on the record here, we are unable to question the reasonableness of the agency's decision to cancel the solicitation due to the fact that it no longer reflects the agency's actual requirements.

Accordingly, RKR's protest challenging the agency's now-abandoned selection of the MEO, as well as RKR's assertions that cancellation of the solicitation is improper, is dismissed.

Gary L. Kepplinger
General Counsel

---

[3] The Air Force's centralization initiative is referred to throughout the record by either the term "AFNetOps" or "NOSC-centric." There is no dispute that both terms refer, generally, to the centralization concept. Specifically, RKR states: "Very simplistically, NOSC-centric and AFNetOps are the same concepts of operation with the former being a centralization of network control center operations at Air Force command levels of operation and the latter being the same centralization at one of two regional AFNetOps centers." Letter from RKR to GAO (Aug. 13, 2007) at n.1.

[4] In this regard, a significant portion of RKR's protest is based on the premise that the MEO was staffed to perform in a NOSC-centric environment, which led to a significant staffing reduction, even though the terms of the solicitation required staffing under a decentralized approach. Protest at 11-53.

GAO
Accountability * Integrity * Reliability

United States Government Accountability Office
Washington, DC 20548

# Facsimile Transmission Sheet

**Date:** August 29, 2007

Number of pages, including this cover sheet: 5

**Re:** B-299856

If transmission problems occur, please call 202-512-4763.
Our fax number is 202-512-9749.

**From:** Glenn G. Wolcott, Esq.

| Name | Firm/Agency | Phone | Fax |
|---|---|---|---|
| David Barton, Esq. | The Gardner Law Firm | 210-733-8191 | 210-733-5538 |
| Gary R. Allen, Esq. | Department of the Air Force | 703-696-9079 | 703-696-9084 |

**Comments:**