Briefing Papers

January 2008

2007 Procurement Review

*Statutes & Regulations* by Marshall J. Doke, Jr.; *Cases & Decisions* by Miki Shager [FNa1]

This 26th annual "Procurement Review" examines the significant legal developments during 2007 that affected Government contracting, including legislation, Executive Orders, agency regulations, and decisions on a range of issues by the Government Accountability Office, the agency boards of contract appeals, and the courts. The "Procurement Review" for 2007 is divided into two main parts--(1) *Statutes & Regulations* and (2) *Cases & Decisions*.

In *Statutes & Regulations*, the significant legislation discussed includes the U.S. Troop Readiness, Veterans' Care, Katrina Recovery, and Iraq Accountability Appropriations Act, the America COMPETES Act, the International Emergency Economic Powers Enhancement Act, and the Department of Defense Appropriations Act, 2008. Also addressed are a number of Executive Orders issued by the President, Office of Management and Budget developments, amendments to the Federal Acquisition Regulation and Defense FAR Supplement, and regulatory and policy changes made by the General Services Administration, the Agency for International Development, the Departments of Energy and State, the National Aeronautics and Space Administration, the Postal Service, and other agencies. In *Cases & Decisions*, the notable

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

merits or run the risk of having its proposal rejected as technically unacceptable. *Battelle Memorial Institute*, Comp. Gen. Dec. B-299533, 2007 CPD ¶ 94. See also *Beck's Spray Service, Inc.*, Comp. Gen. Dec. B-299816, 2007 ¶ 149 (agency reasonably eliminated proposal from competitive range for failure to include sufficient information to establish that it met solicitation requirements). In reviewing protests of competitive range determinations, the GAO will not reevaluate proposals, but rather will review the record to ensure that the **evaluation** and competitive range determination were reasonable and consistent with the terms of the solicitation. *B&S Transport, Inc.*, Comp. Gen. Dec. B-299144, 2007 CPD ¶ 16.

***PastPerformance***

**Pastperformance** is one **evaluationfactor** that must be considered in all negotiated procurements. FAR 15.304(c)(3), 15.305(a)(2). See Office of Management and Budget, *Best Practices for Collecting and Using Current and* ***PastPerformance*** *Information*, at *https:// www.whitehouse.gov/omb/procurement/contract_perf/best_practice_re_past_ perf.html*; Department of Defense guidance on using past performance information at *http://www.acq.osd.mil/dpap/Docs/PPI_Guide_2003_final.pdf*; 45 GC ¶ 268. See generally Nash, *Evaluation of Past Performance: New Guidance From the Department of Defense*, 17 Nash & Cibinic Rep. ¶ 46 (Sept. 2003); National Institutes of Health's Contractor Performance System for maintaining past performance evaluations at *http://cps.od.nih.gov/*. In June 2007, the DOD retired the Army's Past Performance Information Management System and consolidated it with the Contractor Performance Assessment Reporting System (CPARS). See *http://www.defenselink.mil/dbt/cip_etp07_single_entry_pt.html*. The Army, Navy, U.S. Marine

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Corps, Air Force, Defense Logistics Agency, and other DOD agencies collect and manage a library of automated past performance information in the CPARS, at *http://www.cpars.csd.disa.mil*. The U.S. Army Corps of Engineers database on architect-engineer and construction firms is located at *https://www.nwp.usace.army.mil/ct/i*.

The DOD Joint Electronic Commerce Project Office's Past Performance Information Retrieval System (PPIRS), which links the NIH system, the National Aeronautics and Space Administration database, and CPARS, is located at *https://www.ppirs.gov/*. Contractors are able to obtain access to PPIRS through the Central Contractor Registration process.

FAR 15.306(b)(1)(i) and 15.306(d)(3) provide for offerors in negotiated procurements to be given the opportunity in discussions to clarify adverse past performance information. For awards without discussions, however, FAR 15.306(a)(2) merely provides that offerors *may* be given an opportunity to clarify adverse past performance information. An agency is not required to communicate with offerors regarding past performance information where discussions are not held unless there is a clear reason to question the validity of the past performance information.

An agency has broad discretion to determine whether a particular contract is *relevant* to the evaluation of past performance. *Sumaria Systems, Inc.*, Comp. Gen. Dec. B-299517 et al., 2007 CPD ¶ 122. In *Johnson Controls Security Systems, LLC*, Comp. Gen. Dec. B-296490.3 et al., 2007 CPD ¶ 100, the GAO found that it was unreasonable for the agency to exclude information from the incumbent contract in the review of past performance where the solicitation stated that the past performance evaluation would be based on consideration of "all relevant facts and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.